UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CASE NO. 1:07-CV-083

**LISA YORK**                                                                                   **PLAINTIFF**

**V.**

**PEOPLES BENEFIT LIFE INSURANCE CO.**                            **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion by the Defendant for summary judgment. (DN 15).[1] Fully briefed, this matter is ripe for decision. For the following reasons, the Defendant's motion is **DENIED**.

**I. FACTS**

In February 2004, the Plaintiff's mother, Suzanne Bradley, applied for an accidental death insurance policy with the Defendant, Peoples Benefit Life Insurance Company. At the time, Ms. Bradley was suffering from multiple sclerosis and quadriplegia, but these conditions did not prevent her from purchasing the accidental death insurance policy. On her enrollment form, Ms. Bradley designated the Plaintiff, Lisa York, her only child, as the beneficiary.

The insurance policy provides:

*We pay a benefit if an Insured dies as the result of an injury.*

It then defines injury as:

*"Injury" means bodily injury caused by an accident, directly and independently of all other causes. It must occur while an Insured's coverage is in force. Benefits will not be paid for*

---

[1] Although actually styled a "Motion for Declaratory Judgment," the Defendant's motion applies the standard of review applicable to motions for summary judgment and the Plaintiff responds to the motion as though it was one for summary judgment - a point the Defendant does not dispute. As such, the Court will construe Defendant's motion as one for summary judgment.

1

> *any loss caused by sickness or other bodily disease or infirmity.*

The policy also contains the following exclusion:

> *The Certificate does not cover death caused by or resulting from...(6) sickness, or bodily or mental infirmity.*

(DN 16, Attach. 2, Group Accidental Death Insurance Certificate).

On September 4, 2004, the Plaintiff's mother, Suzanne Bradley, died after choking on scrambled eggs. In this action, the Plaintiff seeks to recover the benefits provided by the accidental death policy. The Defendant, however, has asked the Court to declare that policy does not provide benefits for the death of Ms. Bradley.

Both parties heavily rely on Ms. Bradley's death certificate as evidence for their respective positions. The Barren County (Kentucky) coroner, M.T. Swift, filled out Ms. Bradley's death certificate. The coroner listed the following causes of death on the death certificate:

> a. Asphyxia
>    DUE TO (OR AS A CONSEQUENCE OF)
> b. Aspiration of food
>    DUE TO (OR AS A CONSEQUENCE OF)
> c. Multiple Sclerosis

(DN 19, Attach. 6, Death Certificate). However, the death certificate also contains a box entitled "Manner of Death" with the following choices: "natural, accident, suicide, homicide, pending investigation, or could not be determined." (Id.) The coroner marked the box labeled "accident." (Id.) The coroner explained his findings as follows:

> I determined in the performance of my death investigation that Suzanne Bradley's death was caused by asphyxia directly caused by the aspiration of food....On the death certificate I also noted that Ms. Bradley's multiple sclerosis as [sic] a factor, not because the multiple sclerosis was a predominant cause of death, but because her condition prevented her from regurgitating the food once it became lodged in her throat. In other words, the multiple sclerosis did not cause the food to become lodged in her throat but rather prevented her from dislodging the food once her airway became blocked. Thus, Ms. Bradley's multiple sclerosis was not a predominant cause of her

>death. It is for this reason I noted the Manner of Death to be "Accident"..[on] the Death Certificate. Had multiple sclerosis been the predominate factor in causing death, I would have noted the Manner of Death to be "Natural."

(DN 19, Attach. 5, Michael Swift Affidavit, ¶¶ 4-5).

The Defendant has submitted the affidavit of another physician who reviewed Ms. Bradley's medical records and her death certificate. He opines that "Ms. Bradley's death was caused by her preexisting medical condition..." and that "...Ms. Bradley's multiple sclerosis and quadriplegia materially and substantially contributed to her death." (DN 16, Attach. 8, Dr. Conner Affidavit, ¶¶ 7-8). He further opines that "Ms. Bradley's death was not the result of an accident acting alone and independently as the sole cause of death" and that "Ms. Bradley's death would not have occurred independent of her multiple sclerosis and quadriplegia." (Id., ¶¶ 9-10).

Finally, in further support of her contention that Ms. Bradley's death was not caused by her multiple sclerosis, the Plaintiff has submitted evidence which tends to show that disease was not considered life-threatening at the time of her death. For example, the Plaintiff has produced a medical report from January 14, 2002 in which a physician noted that despite her multiple sclerosis and quadriplegia, Ms. Bradley was in "good condition." (DN 19, Attach. 4, Dr. York Report). Also, Ms. Bradley's mother states via affidavit that "in the months and days leading up to my daughter's death, I had not seen any obvious signs that my daughter's multiple sclerosis had worsened." (DN 19, Attach. 3, Rosalie McCuiston Affidavit).

## II. LEGAL STANDARD

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying the

portion of the record which demonstrates the absence of a genuine issue of material facts. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party themselves thereafter must produce specific facts demonstrating that a genuine issue of fact exists for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere existence of scintilla of evidence in support of the [non-moving party's] position will be insufficient, there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477. U.S. at 252.

### III. ANALYSIS

The Court must apply Kentucky law to determine the scope of the Plaintiff's accidental death insurance policy. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Talley v. State Farm Fire & Cas. Co., 223 F.3d 323, 326 (6th Cir. 2000)("In a diversity action involving an insurance contract, a federal court applies the substantive law of the forum state."). In applying Kentucky law, the Court "must follow the decisions of the state's highest court when that court has addressed the relevant issue." Talley, 223 F.3d at 326. When the issue has not been directly addressed, the Court must "anticipate how the relevant state's highest court would rule in the case..." In re Dow Corning Corp., 419 F.3d 543, 549 (6th Cir. 2005). "Intermediate state appellate courts' decisions are also viewed as persuasive unless it is shown that the state's highest court would decide the issue differently." Id.; see also Scottsdale Ins. Co. v. Flowers, 2008 FED App. 0030P, *43 (6th Cir. 2008).

The Defendant urges the Court to follow the rule set forth in Prudential Ins. Co. of America

4

v. Gaines in which Kentucky's highest court analyzed the language of a life insurance policy which provided double indemnity if the "death of the insured occurred ....as a result, directly and independently of all other causes..." 271 Ky. 496, 497 (Ky. 1938). In Gaines, the court stated that it is well-established that an "*[insurance company] is not liable* [under such special provisions] *where the injury or death* [of the insured] happened in consequence of the disease or bodily infirmity...or where it *is due both to the accident and the disease*. But where the accident, and not the diseased condition,...is the proximate cause of the death, the company is liable." Id. at 503-504. Thus, according to the Defendant, it is not liable because the evidence establishes that Ms. Bradley's death was due both to an accident (choking) and a disease (multiple sclerosis).

However, in Continental Casualty Company v. Freeman, which is relied upon by the Plaintiff, Kentucky's highest court seemed to limit the scope of provisions in insurance policies which only provide coverage if the injury which causes disability or death is "directly and independently" caused by an accident. 481 S.W.2d 309, 312 (Ky. 1972). After extensively reviewing insurance treatises and case law from other jurisdictions, and noting its decision in Gaines, the Freeman court specifically rejected the proposition that a plaintiff must establish that an accident was the sole cause of an insured's death or disability where the insured suffered from a pre-existing infirmity. 481 S.W.2d at 313. The court stated although such a literal construction "would achieve what the insurance companies desired when they drafted or adopted [such policy language]...we do not believe it would represent what the purchasers of such policies think they are getting when they buy them." Id. The court then explained how such language should be interpreted when an insured dies or is disabled due to both an accident and a pre-existing condition:

> [A] pre-existing infirmity or disease is not to be considered as a cause unless it *substantially contributed* to the disability or loss. [However]...a "'predisposition' or 'susceptibility' to injury, whether it results from congenital weakness or from previous

5

>illness or injury, does not necessarily amount to a substantial contributing cause. A mere 'relationship' of undetermined degree is not enough.

Id. at 314.

Thus, it is not enough to simply say that Ms. Bradley's multiple sclerosis contributed to her death----it must have substantially contributed in order to negate the accidental nature of her death. There seems to be no suggestion that the food became lodged in her windpipe because of her condition. Instead, the coroner and Defendant's expert, Dr. Connors, opine that Ms Bradley was unable to dislodge the food because of her weakened state. Therefore, the question presented here is the extent to which her multiple sclerosis contributed to her death.

The Defendant argues that it is entitled to summary judgment based upon the findings of the coroner and the opinion of Dr. Connors. Notwithstanding the fact that the record does not reveal the factual bases for these opinions, even if one assumes that this evidence is sufficient to shift the burden to the Plaintiff, she has produced "specific facts demonstrating that a genuine issue of fact exists for trial." Liberty Lobby, Inc., 477 U.S. at 247-48.

The Plaintiff has presented evidence that Ms. Bradley was in relatively good physical condition prior to her death despite her multiple sclerosis. Medical records have been produced which confirm the same. Affidavits state that there was no sign of a worsening of her condition prior to her death. This is sufficient evidence to create a jury question as to whether Ms. Bradley's multiple sclerosis "substantially contributed" to her death. It would be entirely reasonable for a jury to reject the opinion of the coroner, whose qualifications to render such an opinion are not readily apparent. Furthermore, a jury might easily reject the conclusory opinions of Dr. Connors. If at trial, Dr. Connors provides the medical basis for his conclusions, then it would be reasonable for the jury to perhaps conclude that Ms. Bradley's multiple sclerosis substantially contributed to her death. However, based on this record,

this case is not appropriate for summary judgment. As Kentucky highest court has stated: it is "exclusively the province of the jury to choose whether the theory of beneficiary or of the insurance company [is] the correct one and satisfactorily established by the evidence." Provident Life & Acc. Ins. Co. of Chattanooga, Tenn. v. Diehlman, 259 Ky. 320, 328 (Ky. 1935); see also Ohio Cas. Ins. Co. v. Commonwealth, Dept.of Hwys., Ky., 479 S.W.2d 603, 605 (Ky. 1972)("proximate cause is an issue for the jury unless the court is 'prepared to say that human experience has demonstrated beyond question' that only one verdict would be correct").

Finally, as to the Defendant's argument that the Plaintiff's claim should be dismissed because it was not timely filed, the Defendant concedes in its Reply memorandum that this issue is not appropriate for summary judgment. The Court agrees.

## IV. CONCLUSION

For the foregoing reasons, the Defendant's motion for summary judgment is **DENIED**. **IT IS SO ORDERED**.

cc: Counsel of Record